# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:21-CV-483-DCK

| | | |
|---|---|---|
| **JEFFREY BRUCATO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CONSENT PROTECTIVE** |
| | ) | **ORDER** |
| **PARTNERS HEALTH MANAGEMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Consent Protective Order" (Document No. 13) filed June 3, 2022. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned grants the motion and hereby enters the parties' Consent Protective Order as follows.

Defendant Partners Health Management ("**Partners**") and Plaintiff Jeffrey Brucato ("**Brucato**") (each, a "**Party**" and, collectively, the "**Parties**"), through counsel, have consented to the entry of this Protective Order (this "**Protective Order**").

**IT IS, THEREFORE, ORDERED** that the following terms and conditions, having been agreed to by the Parties, are approved by the Court and binding on all Parties to this action:

1. A protective order restricting the use and dissemination of confidential documents and/or information is necessary and appropriate to facilitate the litigation of this action.

2. For purposes of this Protective Order, any reference to confidential information shall include documents, material, and testimony designated as "Confidential,"

1

including any information derived therefrom. "Confidential" information shall include, but shall not be limited to, any and all personal health information (PHI) of any person, including personally identifiable information of any person.

3.     Any Party (the "**Designating Party**") may designate information as "Confidential," if such Party believes, in good faith, that such information contains confidential or proprietary information.

4.     The Parties shall designate information as "Confidential" in the following manner:

(a)     In the case of documents, by stamping or writing "Confidential" on every page of the document in which confidential information appears. If the document is not in paper form, the Designating Party shall use reasonable and clearly visible or explanatory means to identify the document as confidential; or

(b)     In the case of depositions or other pretrial testimony: (1) by a statement on the record and/or in writing, by counsel, that such testimony shall be treated as "Confidential"; or (2) by written notice, sent by counsel to all other Parties within 30 days of receiving a copy of the transcript, that certain portions of the transcript shall be deemed "Confidential." To protect this right, the entire transcript shall be treated as "Confidential" for 30 days after receipt of the transcript. However, this provision does not prevent the deponent from reviewing the transcript.

5.     Any information designated as "Confidential" shall be used solely for the purpose of prosecuting or defending against any claim asserted in this action and not for any other purpose.

2

6.     Except upon the prior written consent of the Designating Party, or upon further order of the Court, all information designated as "Confidential" may only be disclosed by recipients to the following persons:

(a)     Counsel of record in this action, their partners, associates, paralegals, and clerical or administrative support staff;

(b)     The Parties and any employees, officers, agents, and/or representatives of a Party who are assisting counsel in this action;

(c)     Experts or consultants (including their employees or agents) retained by or assisting a Party for the preparation or trial of this action;

(d)     The Court and its staff;

(e)     Stenographic reporters engaged for depositions or proceedings necessary to this action;

(f)     Persons, excluding those referenced in subparagraph 6(b), noticed for depositions (provided that such person may not retain confidential material);

(g)     Any mediator or arbitrator appointed by the Court or engaged by the Parties; and

(h)     Any other person ordered by the Court in the interest of justice or agreed upon in writing by the Designating Party.

7.     Before disclosing any confidential information to any person or entity entitled to review such information pursuant to the provisions of subparagraphs 6(c), 6(f), and 6(h), counsel making disclosure shall provide the person to whom disclosure is to be made with a copy of this Protective Order and obtain a declaration, in the form attached

3

hereto, acknowledging that he or she has read this Protective Order, will abide by its terms as a condition of disclosure, and will submit to the jurisdiction of this Court.

8.      The inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the work product doctrine, or the protections afforded to materials designated as "Confidential" under the terms of this Protective Order.  Upon receiving written notice from the producing person or entity that such materials, including copies or summaries thereof, have been inadvertently produced, all such materials shall be returned to the producing person or entity immediately, and no later than within five (5) business days of receipt of such notice.

9.      If any Party disputes the designation of any information, said Party shall notify the Designating Party in writing.  If the Parties are unable to agree, within 10 days of the Designating Party's receipt of the notice, as to whether the information is properly designated as "Confidential," counsel for the Party objecting to the designation may file an appropriate motion with the Court, seeking an order determining whether the information is entitled to confidential status.  Until a final resolution of the dispute is achieved, either through consent or court order, all Parties shall treat the information according to the designation made by the Designating Party.

10.     If materials designated as "Confidential" are filed with the Court, attached to any papers filed with the Court, or quoted in any document filed with the Court, such confidential material and filings shall be filed under seal in accordance with Local Rule 6.1, unless otherwise agreed to by the Parties.

11. Nothing herein overrides, modifies, or in any way affects Partners' obligations under any applicable public records or disclosure laws.

12. Nothing herein shall restrict the presentation of any evidence at trial or any other hearing; provided that such presentation shall not constitute a waiver of any restriction contained in this Protective Order.

13. This Protective Order has no effect upon, and shall not apply to: (a) the Parties' use of their own confidential information, for any purpose, or (b) information designated as "Confidential" that has been obtained lawfully by a Party, independently of the discovery proceedings in this action.

14. The ultimate disposition of "Confidential" material is subject to a final order of the Court upon completion of litigation. Subject to the Court's approval, the Parties agree that "Confidential" information (including all copies) in the possession of counsel, his or her clients, and his or her clients' experts or consultants should be disposed of, upon request by the producing party, by either: (a) returning the "Confidential" materials to the Designating Party, or (b) certifying to the destruction of the "Confidential" materials within 30 days of receipt of an order, judgment, or decree finally disposing of this action (provided, however, that counsel for each Party may retain a copy of the "Confidential" information in their files to comply with the rules of the State Bar). Upon request, Counsel shall certify, in writing, that all such information has been destroyed (or returned to the producing person or entity), and each expert or consultant who received copies of such information shall certify that he or she has destroyed all notes, memoranda or other documents created by that expert or consultant from, or containing information contained in, the confidential information.

5

15. The Parties' obligations under the terms of this Protective Order shall survive resolution of this action and/or termination of this Protective Order and shall be binding on the Parties' successors and assigns.

16. The Parties agree that this Protective Order will operate as a contract between the Parties and bind them from the date of its execution by their undersigned attorneys, irrespective of when and whether it is entered by the Court.

**SO ORDERED.**

Signed: June 7, 2022

David C. Keesler
United States Magistrate Judge

**WE CONSENT:**

| | |
|---|---|
| s/Sean F. Herrmann | s/Florence Thompson |
| Kevin P. Murphy (N.C. State Bar No. 44453) | Jared E. Gardner (N.C. State Bar No. 28275) |
| Sean F. Herrmann (N.C. State Bar No. 41467) | Florence Thompson (N.C. State Bar No. 55195) |
| Herrmann & Murphy, PLLC | Gardner Skelton PLLC |
| 400 Clarice Avenue, Suite 100 | 505 East Boulevard |
| Charlotte, NC 28204 | Charlotte, North Carolina 28203 |
| Telephone: (704) 940-6399 | Telephone: (704) 335-0350 |
| Facsimile: (704) 940-6407 | Facsimile: (704) 390-7027 |
| E-mail: kevin@herrmannmurphy.com | E-mail: jared@gardnerskelton.com |
| E-mail: sean@herrmannmurphy.com | E-mail: florence@gardnerskelton.com |
| *Attorneys for Plaintiff Jeffrey Brucato* | *Attorneys for Defendant Partners Health Management* |

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:21-CV-483-DCK**

| | | |
|---|---|---|
| **JEFFREY BRUCATO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **DECLARATION TO CONSENT** |
| | ) | **PROTECTIVE ORDER** |
| **v.** | ) | |
| | ) | |
| **PARTNERS HEALTH MANAGEMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

I, _____, declare as follows:

1.      I have read the Consent Protective Order attached hereto, and I understand and will abide by its terms and meanings.

2.      I agree that my signature below submits me to the jurisdiction of the United States District Court for the Western District of North Carolina and binds me to the provisions of the Consent Protective Order.

3.      I declare under penalty of perjury, under the laws of the State of North Carolina and of the United States of America, 28 U.S.C. § 1746, that the foregoing is true and correct.

This the \_\_\_\_ day of _____, _____.

_____